IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FILMON X, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>WINDOW TO THE WORLD COMMUNICATIONS, INC.,<br><br>      Defendant. | Case No. 13-cv-08451<br><br>The Honorable Charles P. Kocoras<br><br>The Honorable Geraldine Brown (Magistrate Judge) |

## JOINT REPORT

On March 18, 2014, this matter was stayed pending a decision by the United States Supreme Court in *American Broadcasting Cos., Inc. v. Aereo, Inc*. at the request of Plaintiff FilmOn X, LLC ("FilmOn"). (Dkt No. 31.) The Court ordered the parties to submit a joint report setting forth their views on how the case should proceed in light of that decision within 14 court days of its issuance. Dkt. No. 31. The Court also ordered the parties to propose a date for a status conference. *Id*. On June 25, 2014, the United States Supreme Court issued its opinion. *American Broadcasting Cos., Inc. v. Aereo, Inc*., 134 S. Ct. 2498 (2014) ("*Aereo*").

### PLAINTIFF FILMON X, LLC'S POSITION

Once the stay in this action is lifted, plaintiff FilmOn X, LLC ("FilmOn X") intends to promptly file a motion for leave to amend the complaint in light of the *Aereo* decision, which has affected a change in the law. The stay of discovery should remain in effect until after this Court

1

decides FilmOn X's motion for leave to amend and any other motions filed by defendant Window to the World Communications, Inc. ("WTTW").

FilmOn X brought this declaratory relief action for non-infringement of copyright after WTTW served it with a cease and desist letter on November 12, 2013. (Dkt No. 1 at ¶ 25.) WTTW accused FilmOn X, which offered a remote mini-antenna and storage service that allowed individual users to tune into and record broadcast content on servers stored at FilmOn X's facilities, of copyright infringement. (*Id*.) Consistent with a decision by the Second Circuit, FilmOn X sought a declaration from this Court that it was not engaged in "public performances" in violation of the Copyright Act, but rather acted only as an equipment provider that enables individuals to exercise their rights to privately perform copyrighted works. *See WNET, Thirteen v. Aereo, Inc.*, 712 F.3d at 694 (holding that a service essentially the same as FilmOn X's service did not infringe network broadcasters' copyrights because it enabled users to make private performances).

On June 25, 2014, the Supreme Court vacated and remanded the Second Circuit's decision in the *Aereo* case. It held that Aereo's technology – which is essentially the same as FilmOn X's technology – makes public performances rather than private performances, reasoning that "Aereo's activities are substantially similar to those of the CATV companies that Congress amended the Act to reach." *Aereo*, 134 S. Ct. at 2501. The Supreme Court concluded that Aereo's activities are so "highly similar to those of the CATV systems" that they were the kinds of activities the "1976 amendments [to the Copyright Act] sought to bring within the scope of the Copyright Act." *Id.* at 2511. Indeed, the Supreme Court has held that Aereo (and, by extension, FilmOn X) is "substantially similar" to, and "is for all practical purposes a traditional cable system." *See id.* at 2506 ("Aereo's activities are substantially similar to those of the CATV

companies that Congress amended the Act to reach"); *id.* at 2507 ("We do not see how this single difference, invisible to subscriber and broadcaster alike, could transform a system that is for all practical purposes a traditional cable system into 'a copy shop that provides its patrons with a library card"); *id.* ("[g]iven Aereo's overwhelming likeness to cable companies targeted by the 1976 amendments, this sole technological difference between Aereo and traditional cable companies does not make a critical difference here.")

The Supreme Court's holding that Aereo (and by extension FilmOn X) is a cable system under the Copyright Act is important because, as a cable system, FilmOn X is now entitled to the benefits of a compulsory license under Section 111(c) of the Copyright Act. *See* 17 U.S.C. § 111(c). FilmOn X has already begun the process to obtain the appropriate licenses, including filing the necessary applications and fees with the Copyright Office for fourteen broadcast communities.

Given the change in the law reflected in the Supreme Court's *Aereo* decision, FilmOn X asked WTTW to stipulate to allow it to amend the complaint in this action so that FilmOn X could raise its right to a compulsory license as a cable system under Section 111. WTTW refused to enter into a stipulation and also refused to agree to a briefing schedule on FilmOn X's proposed motion to amend the complaint.

This Court should lift the stay in this action so that FilmOn X may file a motion to amend the complaint. FilmOn X is prepared to promptly file such a motion within a matter of days after this Court lifts the existing stay,[1] and it proposes that this Court hold a status conference and a hearing on this motion on Thursday, September 4 (or at the Court's convenience). No prior

---

[1] FilmOn X suggests that the parties brief the motion for leave to amend in accordance with the federal rules or pursuant to an agreed-upon briefing schedule. FilmOn X previously proposed to WTTW that it would file its opening brief on July 31, 2014, that WTTW would file its opposition brief on August 14, and that the reply brief would be due on August 26.

motion for leave to amend has been sought or granted. Under the circumstances, leave to amend is entirely appropriate and should be granted, especially in light of the Supreme Court's recent decision in *Aereo* and the liberal nature of leave to amend. *See Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011) (holding that "pleading rules favor decisions on the merits rather than technicalities" and "leave to amend pleadings should be freely given") (internal citations omitted).

In light of the changing nature of the pleadings, possible challenges to the pleadings and other motion practice, this Court should leave the discovery stay in place until this Court rules on FilmOn X's motion for leave to amend the complaint and any motions proposed by WTTW. It may be most appropriate to schedule a status conference concurrently with a hearing on FilmOn X's motion for leave to amend; however, FilmOn X is prepared to attend a status conference at this Court's convenience. In the event that this Court intends to lift the discovery stay, then FilmOn X respectfully requests a status conference as soon as possible to address that issue and any other related matters.

**DEFENDANT WINDOW TO THE WORLD COMMUNICATIONS, INC.'S POSITION**

The Supreme Court's decision in *Aereo* renders moot FilmOn's complaint for declaratory relief that FilmOn is not violating WTTW's public performance rights.

In its complaint, FilmOn identified the actual controversy as arising from WTTW's contention that "FilmOn is 'publicly performing' its copyrighted television content in violation of the Copyright Act of 1976." Dkt. No. 1, ¶ 5. FilmOn based its request for a declaration that FilmOn is not violating WTTW's exclusive right to publicly perform WTTW's copyrighted works on its assertion that: (1) *WNET, Thirteen v. Aereo, Inc.*, 712 F.3d 676 (2d Cir. 2013)

4

2263237.1

("*WNET/Aereo*") held that Aereo did not publicly perform certain broadcasters' copyrighted programming by virtue of the technological architecture of Aereo's system; and (2) "FilmOn's technology directly parallels the technology at issue" in *WNET/Aereo*. *See* Dkt. No. 1, ¶¶ 23, 29.

On June 25, the United States Supreme Court reversed *WNET/Aereo*. *See Aereo*, 134 S.Ct. at 2502. The Supreme Court held that "Aereo 'perform[s] petitioners' copyrighted works 'publicly,' as those terms are defined by the Transmit Clause" and overturned the contrary judgment set forth in *WNET/Aereo. Id.* at 2511. In reaching its conclusion, the Supreme Court rejected Aereo's argument that a performance is not "public" under the Copyright Act because of Aereo's architecture where each subscriber watches a unique, one-to-one stream of the program:

> "Therefore, in light of the purpose and text of the Clause, we conclude that when an entity communicates the same contemporaneously perceptible images and sounds to multiple people, it transmits a performance to them regardless of the number of discrete communications it makes. We do not see how the fact that Aereo transmits via personal copies of programs could make a difference. The Act applies to transmissions 'by means of any device or process.'" *Id.* at 2509 citing 17 U.S.C. § 101.

Instead, the Court adopted the broadcasters' argument that the Copyright Act's definition of public performance broadly encompasses any device or process that transmits the broadcasters' programming to the public, even if each person receives it at different times or different places. *Id.* at 2508-10. Specifically, the Court stated:

> "…[W]hen Aereo streams the same television program to multiple subscribers, it 'transmit[s]…a performance' to all of them… [T]he Transmit Clause expressly provides that an entity may perform publicly 'whether the members of the public capable of

receiving the performance … receive it in the same place or in separate places and at the same time or at different times.' ... In other words, 'the public' need not be situated together, spatially or temporally." *Id.* at 2509-10.

Under the Supreme Court's decision, the specific technology used to stream copyrighted programming does not matter, and FilmOn (like Aereo) is publicly performing the broadcasters' works. *Id.* Thus, any controversy about whether FilmOn is publicly performing WTTW's copyrighted works has been settled, and FilmOn's declaratory relief action should be dismissed as moot. *See Chicago Consortium, Inc. v. Brennan*, 599 F.2d 138, 140 (7th Cir. 1979) (finding that a change in the law rendered allegations moot where the complaining party sought only declaratory and injunctive relief); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1111-12 (10th Cir. 2010).

Even though *Aereo* has settled the controversy, FilmOn will not dismiss its complaint for declaratory relief. FilmOn says that it will instead move to amend its complaint to replace its prior complaint seeking a declaration that it is not publicly performing with an entirely new declaratory relief request – a claim that FilmOn is entitled to a compulsory license under Section 111 of the Copyright Act.

WTTW opposes allowing FilmOn to amend its complaint. FilmOn's contemplated amendment is futile as, among other things, it is premature. *See* Fed.R.Civ.P. 15; *McMorris v. Am. Senior Communities & Cardinal Nursing & Rehab. Ctr.*, 13-3023, 2014 WL 1817024, at *1 (7th Cir. May 8, 2014) (affirming denial of leave to amend based on futility because the plaintiff's request was premature as her right to sue letter had not been issued); *see also Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (affirming denial of leave to amend where futility shown). FilmOn currently does not have a Section 111 license, and in

fact, it did not even file any documentation with the United States Copyright Office related to obtaining such a license until this month. Thus, by definition, Section 111 played no role in creating the controversy that served as FilmOn's original basis for dragging WTTW, a public broadcast channel, into litigation by filing a complaint for declaratory relief. And, a non-existent license should not be allowed to form the basis of a new declaratory relief complaint. Courts routinely avoid a party's invitation to give an advisory opinion. *See, e.g., U.S. Nat'l. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 113 S. Ct. 2173, 2178 (1993) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy and a federal court lacks the power to render advisory opinions") (internal quotations omitted).

Moreover, the Supreme Court did not hold – as FilmOn claims – that Aereo is in fact a cable company, nor did it hold that Aereo is entitled to a compulsory license under Section 111. Indeed, existing law is to the contrary. *See WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 282-83 (2d Cir. 2012) ) ("Congress did not intend for § 111's compulsory license to extend to Internet retransmissions. To the extent that there is any doubt as to Congress's intent … we conclude that the position of the Copyright Office eliminates such doubt in its entirety."). As a result, there is no basis to believe FilmOn will ever obtain a license under Section 111.

This is confirmed by the Copyright Office's response to a filing Aereo recently made with the Office. The Copyright Office has informed Aereo that "[i]n the view of the Copyright Office, internet retransmissions of broadcast television fall outside the scope of the Section 111 license" and that "the Office does not believe Aereo qualifies for the Section 111 statutory license." *See* Correspondence from Jacqueline C. Charlesworth, U.S. Copyright Office General Counsel and Associate Register of Copyrights, to Aereo, dated July 16, 2014. FilmOn's applications undoubtedly will receive the same response when processed because, as the

7

2263237.1

Copyright Office notes, "[w]e do not see anything in the Supreme Court's recent decision in [*Aereo*] that would alter this conclusion." *Id.*

With respect to WTTW's counterclaim, WTTW intends to move forward with the prosecution of this claim.

WTTW suggests that a status conference be set for sometime after September 15, 2014, by which time WTTW should have received the outstanding discovery from FilmOn.

Dated: July 16, 2014

Respectfully submitted,

WINDOW TO THE WORLD
COMMUNICATIONS, INC.

By: */s/ Julie A. Shepard*
    One of Its Attorneys

Debbie L. Berman (#6205154)
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-048

Richard L. Stone (pro hac vice)
Julie A. Shepard (pro hac vice)
Jenner & Block LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: 213-239-5100
Facsimile: 213-239-5199

8

| | |
|---|---|
| Dated: July 16, 2014 | Respectfully submitted, |
| | FILMON X, LLC |
| | By: */s/ Vivek Jayram* |
| |     One of Its Attorneys |

Vivek Jayaram
Jayaram Law Group, LTD.
33 N. LaSalle Street, Suite 2900
Chicago, IL 60602
Tel: 312-454-2859

                                                       By: */s/ Ryan G. Baker*
                                                            One of Its Attorneys

Ryan Geoffrey Baker
Baker Marquart LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850